UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE ESTATE OF ROBERT JOHNSON, JR. | CIVIL ACTION |
| VERSUS | NO. 07-1008 |
| BLANN TRACTOR COMPANY, its insurance company, CHEROKEE INSURANCE COMPANY, JEFFREY HERNDON and his unknown insurance, ABC INSURANCE COMPANY | SECTION B(4) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED.**

### BACKGROUND

This suit arises out of an automobile accident involving two vehicles, one driven by Robert Johnson, Jr., a resident of Louisiana, and the other driven by Jeffrey Herndon ("Herdon"), a resident of Arkansas. Johnson died as a result of the incident. Three passengers in Johnson's vehicle were also injured. On January 25, 2007, Plaintiff, the estate of Johnson, filed suit in the 40th Judicial District Court for the Parish of St. John the Baptist. On February 14, 2007, Defendants, Herndon and Blann Tractor Company ("Blann") filed a Notice of Removal based upon diversity of citizenship. Subsequently, Plaintiff filed the instant motion to remand based on three theories: (1) Blann's principal place of business is in Oak Grove, Louisiana, thus destroying diversity; (2) removal was improper because all defendants have not consented to removal; (3) this case must be remanded because other related matters arising from the same accident are not removable.

### LAW AND ANALYSIS

A.   Diversity of Citizenship

1

Civil actions may be removed from state court when the United States district courts have original jurisdiction. 28 U.S.C. § 1441(a). However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b). All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

The following facts are uncontested: Plaintiff is a resident of Louisiana; Herndon is a citizen of and domiciled in Arkansas. Cherokee Insurance Company (Blann's insurer) is incorporated under Michigan law with its principal place of business in Sterling Heights, Michigan. Blann is incorporated under Arkansas law. The only disputed issue, concerning diversity of citizenship jurisdiction, is the location of Blann's principal place of business.[1]

Plaintiff asserts, without any factual or legal support, that Blann's principal place of business is located in Oak Grove, Louisiana because that is the location of its agent for service of process. (Rec. Doc. No. 5-1 at ¶3). In contrast, Blann asserts that its office and business operations are located in Hampton, Arkansas, and that Blann does not maintain an office in Louisiana. "'Rather than employing the easy labels, 'center of gravity', 'nerve center', or 'place of operations' tests' to determine where a corporation's principal place of business is located, courts generally consider the total activity of the defendant. *Danos v. Waterford Oil Co.*, 351 F.2d 940, 942 (5th Cir. 1965) *citing* 1 Moore's Federal Practice (2nd Ed.), 1962 Supplement, P0.60, page 64, Note 34. Therefore, considering that Blann does not maintain any "office" in Louisiana, the location of Blann's agent for

---

[1]Plaintiff does not dispute that amount in controversy exceeds $75,000. Moreover, Defendants assert in their Notice of Removal that because the petition seeks damages arising from Johnson's death, "it reasonably appears that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs." (Rec. Doc. No. 1-1 at 3). The Court agrees.

service of process in Louisiana alone does not qualify as a "principal place of business." Rather, Blann's principal place of business appears to be in Hampton, Arkansas, where Blann's main operations are located. Thus, complete diversity exists between all parties.

**B.     Proper Removal**

Plaintiff also claims that removal was improper because all defendants did not consent to the removal. However, the requirement that all defendants consent to removal only applies to served defendants. 28 U.S.C. § 1446. The original petitioners for removal, Herndon and Blann, were the only parties served at the time of removal. Therefore, the consent of defendants served subsequently was not required, and removal was proper.

**C.     Related Matters**

Finally, Plaintiff claims that because lawsuits filed by passengers in Johnson's vehicle arise out of the subject accident, were consolidated in state court and are not removable because they involve non-diverse parties, the present action is likewise non-removable. However, Plaintiff cannot defeat diversity jurisdiction simply by noting the existence of non-removable cases filed by separate plaintiffs that arise out of the same automobile accident. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion To Remand is **DENIED**.

New Orleans, Louisiana this 25th day of May, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE